UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SPENCER HOGAN,

       Petitioner,

                               CASE NO. 2:08-CV-15087
v.                            JUDGE STEPHEN J. MURPHY, III
                               MAGISTRATE JUDGE PAUL KOMIVES

SHIRLEE HARRY,

       Respondent.
_____/

**REPORT AND RECOMMENDATION ON RESPONDENT'S
MOTION TO DISMISS (docket #6)**

I.     RECOMMENDATION: The Court should conclude that petitioner's application for the writ of habeas corpus is barred by the one year statute of limitations contained in 28 U.S.C. § 2244(d). Accordingly, the Court should grant respondent's motion to dismiss (docket #6). If the Court accepts this recommendation, the Court should also deny petitioner a certificate of appealability.

II.    REPORT:

A.    *Procedural Background*

Petitioner Spencer Hogan is a state prisoner, currently confined at the Chippewa Correctional Facility in Kincheloe, Michigan. Petitioner is serving a sentence of 10-30 years' imprisonment imposed as a result of his 2002 state court convictions for operating under the influence causing death and vehicular manslaughter. Petitioner's application and the state court record reveal the following time line of the state court proceedings:

- Petitioner was convicted on October 22, 2002, and was sentenced on November 14, 2002, in the Wayne County Circuit Court.

- Petitioner filed an appeal of right in the Michigan Court of Appeals. The court of appeals denied his claims and affirmed his conviction on January 25, 2005. *See*

>   *People v. Hogan*, No. 250428, 2005 WL 155502 (Mich. Ct. App. Jan. 25, 2005).

- Petitioner filed an application for leave to appeal in the Michigan Supreme Court. The supreme court denied petitioner's application in a standard order on August 30. 2005, and denied petitioner's motion for rehearing on January 1, 2006. *See People v. Hogan*, 474 Mich. 855, 702 N.W.2d 581 (2005), *reh'g denied*, 474 Mich. 1022, 708 N.W.2d 399 (2006).

- Petitioner filed a motion for relief from judgment in the trial court pursuant to MICH. CT. R. 6.500-.508 on December 4, 2006. The trial court denied the motion on January 5, 2007. *See People v. Hogan*, No. 02-008330 (Wayne County, Mich., Cir. Ct. Jan. 5, 2007)

- Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, which was denied in a standard order on August 9, 2007. *See People v. Hogan*, No. 277727 (Mich. Ct. App. Aug. 9, 2007).

- Petitioner filed an application for leave to appeal in the Michigan Supreme Court, which was denied in a standard order on March 24, 2008. *See People v. Hogan*, 480 Mich. 1134, 745 N.W.2d 783 (2008).

On November 11, 2008, petitioner filed this application for the writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] As grounds for the writ, petitioner raises claims of insufficient evidence, ineffective assistance of counsel, prosecutorial misconduct, and improper sentencing. Respondent filed a motion for summary judgment on June 1, 2009, arguing that petitioner's habeas application is untimely. As of the date of this report, petitioner has not filed a response to the motion. For the reasons that follow, the Court should grant respondent's motion to dismiss.

B.   *Analysis*

Respondent argues that petitioner's application is barred by the one-year statute of

---

[1] Although petitioner's application is file-stamped December 9, 2008, it was dated by petitioner on November 11, 2008. It is well-established that a habeas petition is deemed "filed" for purposes of the statute of limitations on the date the petitioner gives his motion to prison officials for mailing. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997); *Beckovich v. Coyle*, 22 F. Supp. 2d 722, 723 (N.D. Ohio 1998); *cf. Houston v. Lack*, 487 U.S. 266, 270 (1988). Accordingly, I assume that the petition was given to prison officials for mailing, and was thus "filed," on December 9, 2008.

limitations governing habeas petitions. On April 24, 1996, President Clinton signed into law the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1220 (Apr. 24, 1996). In relevant part, the AEDPA amended 28 U.S.C. § 2244 to provide a one year statute of limitations for habeas petitions. Specifically, the statute as amended by the AEDPA provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
> (A) the date on which the judgment became final by the conclusion of direct review of the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).[2]

As the language of the statute indicates, there are four possible dates on which the limitations period may begin to run. Petitioner does not assert that any provision of § 2244(d)(1) other than default starting provision of subparagraph (A) applies. Under subparagraph (A) of § 2244(d),

> a judgment of conviction does not become "final" . . . until the Supreme Court affirms the conviction and sentence on the merits or denies a timely filed petition for certiorari.
> In addition, if a defendant does not file a certiorari petition, the judgment of conviction does not become "final" until the time for seeking certiorari review expires.

---

[2]The AEDPA codified a one-year statute of limitations provision for motions to vacate federal convictions brought under 28 U.S.C. § 2255 which is nearly identical to the one found in § 2244(d)(1). *See* 28 U.S.C. § 2255 para. 6. Accordingly, cases discussing the § 2255 statute of limitations are applicable here.

*Kapral v. United States*, 166 F.3d 565, 570-71 (3d Cir. 1999); *see also*, *United States v. Simmonds*, 111 F.3d 737, 744 (10th Cir. 1997) (conviction became final upon denial of certiorari); *Torres v. Irvin*, 33 F. Supp. 2d 257, 271 (S.D.N.Y. 1998) ("[A] judgment of conviction only becomes final upon the expiration of the ninety days to seek a writ of certiorari from the United States Supreme Court."); *United States v. Dorsey*, 988 F. Supp. 917, 918 (D. Md. 1998) (same); *cf. Penry v. Lynaugh*, 492 U.S. 302, 314 (1989) (for purpose of determining whether application of new rule of law would be an impermissible retroactive application to a case which has already become final, conviction becomes final upon denial of the defendant's petition for certiorari); *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987) ("By 'final,' we mean a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied.").

Here, the Michigan Supreme Court denied petitioner's motion for rehearing on January 30, 2006, and his conviction became final 90 days later when his time for seeking *certiorari* in the United States Supreme Court expired. Thus, the limitations began to run on April 30, 2006, and expired one year later, on April 30, 2007, absent any tolling. Because petitioner did not file his petition until November 11, 2008, it is barred by the statute of limitations unless the limitations period was tolled for any reason.

Pursuant to the provisions of § 2244(d)(2), the limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" Petitioner's motion for relief from judgment was filed in the trial court on December 4, 2006. At this time, 218 days had elapsed on the limitations clock, and 147 days remained. The clock recommenced on March 24, 2008, when

the Michigan Supreme Court denied petitioner's application for leave to appeal. From that date until petitioner filed his application on November 11, 2008, an additional 232 days elapsed. Thus, a total of 450 days elapsed on the limitations clock, and petitioner's application is untimely by 85 days.

On September 30, 2009, I entered an Order providing petitioner until November 13, 2009, to file a response to respondent's motion to dismiss. As of the date of this Report, petitioner has not filed a response or a motion for an extension of time. Petitioner's habeas application asserts no claims or facts suggesting that petitioner is entitled to a delayed starting of the limitations period under § 2244(d)(1)(B)-(D), nor does the petition raise any fact suggesting that petitioner may be entitled to equitable tolling of the limitations period. *Cf. McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003) ("The petitioner bears the burden of establishing that he is entitled to equitable tolling."). Accordingly, the Court should conclude that petitioner's application is barred by the statute of limitations.

C.      *Recommendation Regarding Certificate of Appealability*

1.      *Legal Standard*

As amended by the Antiterrorism and Effective Death Penalty Act, section 2253 provides that a petitioner may not appeal a denial of an application for a writ of habeas corpus unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). The statute further provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As the Sixth Circuit has noted, this language represents a codification of the Supreme Court's decision in *Barefoot v. Estelle*, 463 U.S. 880 (1983), and "[t]he AEDPA thus makes no change to the general showing required to obtain a certificate[.]" *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997); *accord Slack*

*v. McDaniel*, 529 U.S. 473, 483 (2000). Although the statute does not define what constitutes a "substantial showing" of a denial of a constitutional right, the burden on the petitioner is obviously less than the burden for establishing entitlement to the writ; otherwise, a certificate could never issue. Rather, the courts that have considered the issue have concluded that "'[a] substantial showing requires the applicant to "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further."'" *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996) (quoting *Barefoot*, 463 U.S. at 893 n.4)); *accord Slack*, 529 U.S. at 483-84. Although the substantive standard is the same, "[t]he new Act does, however, require that certificates of appealability, unlike the former certificates of probable cause, specify which issues are appealable." *Lyons*, 105 F.3d at 1073. (citing 28 U.S.C. § 2253(c)(3)).

Where, as here, a petition is dismissed on a procedural basis, the inquiry under § 2253(c) is two-fold. In such a case, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 485 (emphasis added). As the Court explained, "[w]here a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted." *Id.* at 486.

Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254

Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254. The rule tracks § 2253(c)(3)'s requirement that any grant of a certificate of appealability "state the specific issue or issues that satisfy the showing required by § 2253(c)(2)," Rule 11(a), but omits the requirement contained in the pre-amendment version of Federal Rule of Appellate Procedure 22(b)(1) that the court explain "why a certificate should not issue." FED. R. APP. P. 22(b)(1) (version effective prior to 2009 amendment); *see id.*, advisory committee note, 2009 amendments. In light of the new Rule 11 requirement that the Court either grant or deny the certificate of appealability at the time of its final adverse order, I include a recommendation regarding the certificate of appealability issue here.

    2.    *Analysis*

Here, if the Court accepts my recommendation regarding the statute of limitations issue, the Court should also conclude that petitioner is not entitled to a certificate of appealability. As noted above, there is no question that petitioner's application is untimely under § 2244(d). The record establishing the time line of petitioner's state court proceedings speaks for itself. Further, petitioner has presented no basis for a delayed starting or equitable tolling of the limitations period. Accordingly, if the Court accepts my recommendation regarding the limitations issue, the Court should also deny petitioner a certificate of appealability.

D.    *Conclusion*

In view of the foregoing, the Court should conclude that petitioner's application for the writ of habeas corpus is barred by the statute of limitations governing habeas petitions. Accordingly, the Court should grant respondent's motion to dismiss the petition. If the Court accepts this

recommendation, the Court should also deny petitioner a certificate of appealability.

III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives  
PAUL J. KOMIVES  
UNITED STATES MAGISTRATE JUDGE

Dated: 11/30/09

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and Spencer Hogan by electronic means or U.S. Mail on November 30, 2009.
>
> s/Eddrey Butts